UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TIM D. WAGNER,<br><br>Plaintiff,<br><br>v.<br><br>REVERSE MORTGAGE SOLUTIONS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:21-cv-00602<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

NOW comes TIM D. WAGNER ("Plaintiff" or "Wagner"), by and through the undersigned attorney, complaining as to the conduct of REVERSE MORTGAGE SOLUTIONS, INC. ("Defendant" or "RMS") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4.  Plaintiff is a consumer over 18 years of age and resides in Frisco, Texas which is located within the Eastern District of Texas.

5.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.  Defendant is a loan servicer and sub-servicer focusing on reverse mortgage loans.[1] It claims to enable its clients to "maintain [] customer base," "expect outstanding service," and "control costs."[2] Defendant is incorporated in the State of Delaware and is headquartered at 14405 Walters Rd., Ste. 200, Houston, TX 77014.

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  The instant action arises out Defendant's attempts to collect on a consumer obligation ("subject debt") Plaintiff allegedly owed.

9.  Upon information and belief, the subject debt stems from Plaintiff's purported default in a personal loan product originated by Windstream Holdings.

10. Upon information and belief, after Plaintiff's purported default, Windstream Holdings placed the account with Defendant for collections purposes.

---

[1] https://www.rmsnav.com/Why-RMS; https://www.rmsnav.com/Loan-Services/Sub-Servicing/
[2] https://www.rmsnav.com/Loan-Services/Sub-Servicing/

11. Upon information and belief, Defendant regularly collects defaulted consumer loans for other entities like Windstream Holdings.

12. Sometime in June 2021, after having called Plaintiff a number of times, Defendant sent an email to Plaintiff at his work email address to collect on the subject debt.

13. The Email states in pertinent part:

> **Windstream Holdings has placed your account with our company for collection of the balance in full in the amount of $63,179.06. They feel they have given you ample amount of opportunity to bring your account current, therefore they are stating the balance in full must be paid. The fastest way to suspend collection activity on your account while eliminating your delinquency is to make arrangements for payment directly with our office. I will be happy to give you all the information you will need to accomplish this. You may reach me directly by calling [. . .].**
>
> **You may login to make a payment to [URL] with your account number [XXXXXXX] and your billing zip code [XXXXX]. Thank you.**
>
> **[Signature block]**

14. A reasonable jury will infer from the email text that Defendant was assigned to collect on subject debt when the subject debt was already in default.

15. Plaintiff did not give his work email to Defendant or to Windstream Holdings nor did he give permission for Defendant to contact him at his work email address.

16. Throughout Defendant's communication with Plaintiff, including the email, Defendant never sent Plaintiff a validation notice concerning the subject debt, as required in 15 U.S.C. § 1692g.

17. Frustrated and extremely concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in exhausting time and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies such invasion, emotional distress, and numerous violations of his federally protected interests to be free from harassing and deceptive collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and alleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is purportedly obligated to pay back on his customer obligation to Windstream Holdings and hence a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because it engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others through the use of the mail and/or the telephone. *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) (stating that a loan servicer is a debt collector under FDCPA if it acquires or collects on the loan when the loan in default); *see also Ngo v. NPAS, Inc.*, No. 20-566, 2021 U.S. Dist. LEXIS 8183, at *17 (E.D. La. Jan. 15, 2021) (indicating agreement with *Bridge*).

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692c**

24. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector from contacting consumer at any unusual time and/or place.

25. Defendant violated § 1692c(a)(1) when it sent a dunning email to Plaintiff at his work email address without Plaintiff's permission. Plaintiff did not given his work email to Defendant. Contacting Plaintiff at his work email created not only inconvenience and unwelcome surprise but

also a heightened risk of disclosure of Plaintiff's highly private personal information to numerous third parties.

26. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector, "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

27. Defendants violated 15 U.S.C. § 1692c(b) when it sent a dunning email to Plaintiff, without his permission, to his work email. Defendant knew and should have known that Plaintiff's work email address or content is not Plaintiff's personal property. Defendant sent the dunning email without any regard to Plaintiff privacy. Defendant's email contains information with which any third party can access Plaintiff's debt information and potentially other highly personal information. Defendant's such behavior caused heightened, realistic, and imminent risk of disclosing Plaintiff's personal information to numerous third parties and is in violation of the FDCPA.

  b. **Violations of FDCPA § 1692d**

28. The FDCPA, pursuant to § 1692d, prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. Defendant violated § 1692d when it sent a dunning email to Plaintiff's work email and thus potentially disclosed Plaintiff's highly private information to numerous third parties. Sending Plaintiff's debt information to his workplace carries with it the natural consequence of harassing

and abusing Plaintiff with the objective of humiliating him and pestering him into making payments.

### c. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

32. Defendant violated §§ 1692e and e(10) when it sent the dunning email to Plaintiff's work email address without Plaintiff's permission. Through this conduct, Defendant falsely represented to Plaintiff that it had at its disposal means of collecting on the subject debt such as disclosing Plaintiff's personal debt information when in fact such means are unlawful and violations of FDCPA.

### d. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated § 1692f when it attempted to collect on the subject debt by sending a dunning email to Plaintiff's work email address. Defendant knew and should have known that consumer's work email is unlikely to be private and personal. Yet, Defendant still traced out Plaintiff's work email and sent a dunning message to it. Such a debt collection tactic is unfair and unconscionable. It only served to oppress, worry, and confuse Plaintiff.

### e. Violations of the FDCPA § 1692g

35. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: '(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . .'" Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

36. Defendant violated § 1692g(a) by failing to provide the written information required within five days after its initial communication with Plaintiff. Plaintiff received phone calls and the above email in June 2021. He still has not received the statutory § 1692g(a) notice in connection with the subject debt.

37. Defendant further violated § 1692g(b) when it communicated with Plaintiff in a manner that was inconsistent with Plaintiff's rights under § 1692g. Defendant represented in the email that Plaintiff should resolve delinquency by "[making] arrangements for payment directly with our office." However, under § 1692g, Plaintiff could have waited to examine the validation correspondence and disputed the subject debt. Defendant would then have been precluded from taking further action to collect the debt until it provided Plaintiff the information required to be provided in connection with a dispute. Defendant's representation to the contrary was inconsistent with and overshadowed Plaintiff's rights under § 1692g, and is violative of the FDCPA.

38. As pled in paragraphs 17 through 19, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff TIM D. WAGNER respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and re-alleges paragraphs 1 through 37 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6)&(7).

42. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a. **Violations of TDCA §§ 392.302 & .304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302 prohibits debt collectors from engaging in harassing and abusive means in debt collection.

44. As described above, Defendant violated § 392.302 when it sent the dunning Email to Plaintiff's work email without Plaintiff's permission. Defendant knew and should have known that sending a dunning Email to Plaintiff's workplace is harassing and abusive.

45. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304, prohibits debt collectors from "using . . . false representation or deceptive means to collect a debt or to obtain information concerning a consumer."

46. Defendant violated the above subsection when it traced out Plaintiff's work email and sent a dunning message to it. Through its conduct, Defendant falsely represented to Plaintiff that it can proceed as it sees fit even when it is in violation of the law and Plaintiff's rights.

WHEREFORE, Plaintiff TIM D. WAGNER respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 29, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Texas

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com